OPINION
{¶ 1} Defendant-appellant Shane O'Brien appeals from his conviction and sentence on one count of theft in the Licking County Municipal Court. Plaintiff-appellee is the City of Newark.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 12, 2004, Ms. Amy Pettit was working at a Dollar General Store located in the City of Newark, Licking County, Ohio. Ms. Pettit observed a man, later identified as appellant, enter the store. Ms. Pettit watched as appellant removed packages of cold medicine pills from a shelf and walked to the back of the store. Ms. Pettit further testified that she could clearly tell that appellant had removed packages from the shelf. Ms. Pettit then watched as appellant exited the store with what she described as a sleeve that was full. She testified that "[i]t looked like it, he had stuff in it." Tr. at 6. Ms. Pettit stated that she did not know what was in appellant's sleeve but testified that whatever it was, it was not there when he first entered the store. Appellant left the store without paying for anything at all. In an attempt to determine if appellant had set the items down inside the store, Ms. Pettit checked the area in the back of the store where appellant went after removing the packages from the display. However, Ms. Pettit found nothing there.
 {¶ 3} The police were contacted. Newark Police Officers Purtee and Arndt responded separately to the store. Ms. Pettit provided a description of appellant and a license plate number to Officer Arndt who in turn provided the information to Officer Purtee. Officer Purtee stopped the vehicle and found appellant as a passenger in the vehicle and a woman identified as Ms. Mary Carter as the driver. Ms. Pettit identified the male passenger, appellant, as the person she watched in the store.
 {¶ 4} During the course of the investigation, Ms. Carter told Officer Purtee that although she did not go into the store, appellant had entered the store and that she later discovered that appellant had two boxes of pills. Ms. Carter wrote a statement for Officer Purtee stating the same.
 {¶ 5} Appellant was asked if he had been in the Dollar General Store. Appellant stated that he had not been in the store. At trial, appellant admitted that he had been in the store but denied stealing any boxes of pills.
 {¶ 6} Appellant was charged with one count of theft. The matter proceeded to a bench trial on March 17, 2004. In the course of the trial, the State called Ms. Mary Carter as a witness. Ms. Carter gave testimony that was inconsistent with the statements she had previously provided to the police officers. In effect, Ms. Carter attempted to deny that she had seen appellant with boxes of pills after he left the store. Upon further questioning, Ms. Carter did not deny making the prior statement to the police but attempted to explain the inconsistencies. The State then attempted to impeach Ms. Carter with her prior statement through extrinsic evidence, first by impeaching Ms. Carter with prior, out of court statements and later through the testimony of the investigating Officer, Officer Purtee. Over objection, the State was permitted to introduce extrinsic evidence to impeach Ms. Carter. See Tr. at 19.
 {¶ 7} Upon conclusion of the trial, the trial court found appellant guilty and sentenced appellant to 90 days in jail.[1]
 {¶ 8} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 9} "I. The trial court committed harmful error in allowing the prosecution to impeach their own witness through the use of extrinsic evidence.
 {¶ 10} "II. The conviction of the defendant-appellant is based upon improper inferfence stacking and cannot stand."
 I {¶ 11} In the first assignment of error, appellant contends that the trial court abused its discretion when it permitted the State to use extrinsic evidence to impeach one of its own witnesses who testified in contradiction to her prior statements to police. We disagree.
 {¶ 12} Generally, the admission or exclusion of relevant evidence rests within the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find a ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 13} However, when a party fails to object, the alleged error is considered to be waived unless the error rises to the level of "plain error." State v. Shanklin, Stark App. No. 2003 CA00317, 2004-Ohio-2910 (citing Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41, 322 N.E.2d 629 and Atwood v. Leigh
(1994), 98 Ohio App.3d 293, 648N.E.2d 548). Criminal Rule 52(B) provides, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804; State v. Cooperrider (1983),4 Ohio St.3d 226, 448 N.E.2d 452. An alleged error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Stojetz,84 Ohio St.3d 452, 455, 1999-Ohio-464, 705 N.E.2d 329.
 {¶ 14} With those standards of review in mind, we turn to the issue of when a party can impeach its own witness. Evidence Rule 607 states that "[t]he credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage." "Surprise is adequately demonstrated if the testimony is materially inconsistent with the prior statement, and counsel did not have reason to believe the witness would change his testimony." State v. Blair (1986), 34 Ohio App.3d 6,9, 516 N.E.2d 240. "Affirmative damage", as used in Evid. R. 607, ". . . occurs if the party's own witness testifies to facts that contradict, deny, or harm that party's trial position." Blair,34 Ohio App.3d at 9 "Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
 {¶ 15} "(1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
 {¶ 16} "(2) The subject matter of the statement is . . . a fact that is of consequence to the determination of the action other than the credibility of a witness. . . ." Evid. R. 613 (B), in relevant part.
 {¶ 17} Ms. Carter was a witness for the State. Appellant challenges the State's use of Ms. Carter's previous statement to impeach Ms. Carter. This was first accomplished when the State questioned Ms. Carter concerning the statement. Appellant did not object when the State used this prior statement to impeach Ms. Carter. Therefore, our review is limited to plain error.
 {¶ 18} Upon review, we find that the record demonstrates surprise and affirmative damage. Ms. Carter purportedly told police that appellant went into the store and that she later discovered that appellant had two boxes of pills. Ms. Carter then wrote a statement for the police confirming her oral statement. In that statement, Ms. Carter wrote that she and appellant had gone to some stores, including Dollar General and that "[h]e came out with pills. I think they were some pregnancy pills [and] some [unreadable] pill. They were in his coat." At trial, Ms. Carter changed her story and claimed that appellant did not take anything from the store. The prosecutor, upon hearing Ms. Carter's testimony, asked her about her prior inconsistent statements. Ms. Carter attempted to explain her change in the story by claiming it was the police that told her that appellant took "stuff" and that she wrote what she did in her statement at the direction of the police officer.
 {¶ 19} There is no indication that the State was aware that Ms. Carter intended to change her story and testify differently than her oral and verbal statements made prior to trial. Accordingly, we find that the record supports that the State was surprised by Ms. Carter's testimony. Further, Ms. Carter's statement to the police confirmed that appellant was seen with pills after leaving the store. Accordingly, the record supports that the State was affirmatively damaged by the change of testimony. See Evid. R. 607. Thus, we find no plain error.
 {¶ 20} In addition, appellant challenges the State's impeachment of Ms. Carter by questioning Officer Purtee concerning Ms. Carter's statements, both oral and written, given to the Officer. The trial court permitted Officer Purtee to testify, over objection by appellant's counsel, that Ms. Carter told him that she had discovered that appellant had boxes of pills. The statement was offered solely for the purpose of impeaching the witness and the witness, Ms. Carter, was given an opportunity to explain the prior statement and the opposing party was afforded the opportunity to interrogate the witness on the statement. In addition, the subject matter of the statement was a fact that was of consequence to the determination of the action other than the credibility of the witness. See Evid. R. 613(B), supra. Thus, we find no abuse of discretion.
 {¶ 21} Accordingly, we find that the trial court did not commit reversible error when it permitted the State to impeach its own witness, Ms. Carter, through questions to Ms. Carter herself and to Officer Purtee.
 {¶ 22} Appellant's first assignment of error is overruled.
 II {¶ 23} In the second assignment of error, appellant argues that the conviction was based upon improper inference stacking and cannot be affirmed. We disagree.
 {¶ 24} Admittedly, a "trier of fact may not draw an inference based . . . entirely upon another inference, unsupported by any additional fact or other inference from other facts." State v.Cowans (1999), 87 Ohio St.3d 68, 78, 717 N.E.2d 298. However, an "inference . . . based in part upon another inference and in part upon facts is a parallel inference and, if reasonable, may be indulged in. . . ." Id.; State v. Miller (April 4, 2001), Holmes App. Nos. 99CA014 and 99CA015, 2001 WL 1782659.
 {¶ 25} In this case, Ms. Pettit, the store clerk, saw appellant remove packages from the display and take them to the back of the store. She then saw appellant return from the back of the store carrying the sleeve of his jacket in a strange manner. The sleeve looked like it had "stuff" in it. Appellant was no longer visibly carrying the packages he took to the rear of the store. Ms. Pettit checked the area where appellant traveled within the store and did not find the packages. Ms. Pettit also observed appellant leave the store without paying for anything. These facts lead only to a single inference that appellant removed the packages from the store without paying for them. We find no impermissible stacking of inferences.
 {¶ 26} Appellant's second assignment of error is overruled.
 {¶ 27} The judgment of the Licking County Municipal Court is affirmed
Edwards, J., Hoffman, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.
[1] Judgment Entry filed March 17, 2004.