[Cite as *State v. Harshman*, 2012-Ohio-3901.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                      CASE NO.  13-12-02

     v.

DONALD L. HARSHMAN,                      O P I N I O N

     DEFENDANT-APPELLANT.

---

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                      CASE NO.  13-12-03

     v.

DONALD L. HARSHMAN,                      O P I N I O N

     DEFENDANT-APPELLANT.

---

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                      CASE NO.  13-12-04

     v.

DONALD L. HARSHMAN,                      O P I N I O N

     DEFENDANT-APPELLANT.

**Appeals from Seneca County Common Pleas Court
Trial Court Nos. 11CR0023, 11CR0075, and 11CR0076**

**Appeal Dismissed in Case No. 13-12-02
Judgments Affirmed in Case Nos. 13-12-03, 13-12-04**

**Date of Decision:   August 27, 2012**

**APPEARANCES:**

*Mary F. Snyder* **for Appellant**

*Derek W. DeVine and Rhonda L. Best* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Donald L. Harshman, appeals the Seneca County Court of Common Pleas' judgment entries of sentence.  For the reasons stated herein, we dismiss appellate case no. 13-12-02 (trial court case no. 11CR0023) and affirm the trial court's judgments in appellate case nos. 13-12-03 (trial court case no. 11CR0075) and 13-12-04 (trial court case no. 11CR0076).

{¶2} On March 16, 2011, the Seneca County Grand Jury indicted Harshman on one count of receiving stolen property in violation of R.C. 2913.51(A), (C), a fourth degree felony, which was assigned trial court case no.

11CR0023. (Doc. No. 3). The bill of particulars alleged that, on or about February 4, 2011 at 107 Clinton Ave. and 44 ½ W. Market St., in the City of Tiffin, Seneca County, Ohio, Harshman did recklessly receive, retain, or dispose of property of another knowing it was obtained through a theft offense. (Doc. No. 10). Discovery in the case indicates that the stolen property consisted of computers and computer-related electronics and computer components owned by Diverse Technology Solutions of Tiffin, Ohio. (Doc. No. 20).

{¶3} On April 14, 2011, the Seneca County Grand Jury indicted Harshman on two counts of illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(3)(b), first degree felonies, in two separate indictments assigned trial court cases nos. 11CR0075 and 11CR0076. In case no. 11CR0075, the bill of particulars alleged that, on or about February 4, 2011 at 107 Clinton Ave., in the City of Tiffin, Seneca County, Ohio, Harshman did knowingly manufacture or otherwise engage in the production of methamphetamine, a controlled substance, within the vicinity of a school. (Doc. No. 10). In case no. 11CR0076, the bill of particulars alleged that, on or about March 23, 2011 at 115 Coe St. in the City of Tiffin, Seneca County, Ohio, Harshman did knowingly manufacture or otherwise engage in the production of a controlled substance, namely methamphetamine, within the vicinity of a school. (Doc. No. 10).

{¶4} On December 5, 2011, pursuant to a written plea agreement, Harshman entered a plea of guilty to one count of receiving stolen property, a fourth degree felony, in case no. 11CR0023; a plea of guilty to the lesser-included offense of illegal manufacture of drugs in violation of R.C. 2925.04(A),(C)(3)(a), a second degree felony, in case no. 11CR0075; and, a plea of guilty to one count of illegal manufacture of drugs, a first degree felony, in case no. 11CR0076. (Doc. Nos. 44, 56, 55). Pursuant to the plea agreement, the parties jointly-recommended a sentence of 15 months in case no. 11CR0023, a mandatory three-year sentence in case no. 11CR0075, and a mandatory four-year sentence in case no. 11CR0076. (Case No. 11CR0023, Doc. No. 43). The trial court sentenced Harshman to the jointly-recommended sentences. (Doc. Nos. 45, 59, 57).

{¶5} On January 4, 2012, Harshman filed notices of appeal in each case. (Doc. Nos. 50, 64, 63). Trial court case no. 11CR0023 was assigned appellate case no. 13-12-02; trial court case no. 11CR0075 was assigned appellate case no. 13-12-03; and, trial court case no. 11CR0076 was assigned appellate case no. 13-12-04. This Court consolidated the appeals for purposes of review.

{¶6} Harshman now appeals raising two assignments of error. Both assignments of error relate to Harshman's sentences in trial court case nos. 11CR0075 and 11CR0076 (appellate case nos. 13-12-03 and 13-12-04, respectively). Since Harshman has raised no assignments of error related to his

conviction and sentence in trial court case no. 11CR0023 (appellate case no. 13-12-02) as required under App.R. 16(A)(3), we dismiss the appeal for want of prosecution. *State v. Matthieu*, 3d Dist. Nos. 10-02-04, 10-02-05, 2003-Ohio-3430, ¶ 10. We now turn to Harshman's assignments of error in the two remaining appellate cases.

### Assignment of Error No. I

**The trial court erred by imposing separate convictions and prison sentences for Illegal Manufacture of Drugs, ORC 2925.04(A), (C)(3)(a), a Felony of the Second Degree; and Illegal Manufacture of Drugs, ORC 2925.04(A), (C)(3)(b), a Felony of the First Degree.**

{¶7} In his first assignment of error, Harshman argues that the trial court committed plain error by sentencing him on both illegal manufacture of drug convictions since they were allied offenses. We disagree.

{¶8} "Where the defendant's conduct * * * results in two or more offenses of the same or similar kind committed separately * * * the indictment * * * may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B). As the Ohio Supreme Court recently observed, "if the offenses are committed separately * * * then, according to R.C. 2941.25(B), the offenses will not merge." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 51.

{¶9} The record indicates that Harshman committed two separate acts of illegally manufacturing drugs at two separate places—on or about February 4, 2011 at 107 Clinton Avenue *and* on or about March 23, 2011 at 115 Coe Street. (Bill of Particulars, Doc. Nos. 10, 10). Consequently, these two offenses are not allied offenses of similar import under R.C. 2941.25(B), and the trial court did not commit plain error by sentencing Harshman on both offenses. *Johnson*, 2010-Ohio-6314, at ¶ 51.

{¶10} Harshman's first assignment of error is, therefore, overruled.

### Assignment of Error No. II

**The Appllant's [sic] trial counsel was ineffective in failing to raise any allied offense objection, thereby prejudicing the Appellant.**

{¶11} In his second assignment of error, Harshman argues that his trial counsel was ineffective for failing to raise the issue of allied offenses at sentencing. We disagree.

{¶12} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

**{¶13}** As we have already stated, Harshman's offenses are not allied under R.C. 2941.25(B) and *Johnson*, 2010-Ohio-6314. Therefore, trial counsel was not ineffective by failing to raise an allied offense argument at sentencing.

**{¶14}** Harshman's second assignment of error is, therefore, overruled.

**{¶15}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court in case nos. 11CR0075 and 11CR0076 (appellate case nos. 13-12-03 and 13-12-04, respectively). Having failed to raise any assignments of error related to trial court case no. 11CR0023 (appellate case no. 13-12-02), we dismiss the appeal for want of prosecution.

*Appeal Dismissed in*
*Case No. 13-12-02*

*Judgments Affirmed in Case*
*Nos. 13-12-03 and 13-12-04*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**