[Cite as *State v. Bradley*, 2012-Ohio-5176.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98048

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAMES BRADLEY

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543162

**BEFORE:** E. Gallagher, J., Sweeney, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** November 8, 2012

**ATTORNEY FOR APPELLANT**

Paul A. Daher
Paul A. Daher & Associates, L.L.C.
700 West St. Clair Avenue
Suite 218
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Ronni Ducoff
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} James Bradley appeals his sentence from the Cuyahoga County Court of Common Pleas propounding one assignment of error:

> The trial court committed plain error when it failed to merge Bradley's gross sexual imposition convictions as allied offenses of similar import.

{¶2} Appellant was charged in a 40-count indictment with 12 counts of rape of a person under 13 years of age, causing serious physical harm to the victim and purposely compelling the victim to submit by force or threat of force. Attendant to those charges of rape were sexually violent predator specifications. Appellant was also charged with 18 counts of kidnapping of a person under 13 years of age with sexual motivation specifications and six counts of gross sexual imposition of a person under 13 years of age.

{¶3} The remaining four counts of the indictment did not name appellant.

{¶4} These crimes, according to the indictment, were committed on or about August 18, 2008, to August 17, 2009.

{¶5} Appellant pled guilty on February 2, 2011, to two counts of gross sexual imposition as charged in Counts 13 and 15.

{¶6} At the plea hearing, the assistant prosecuting attorney clearly stated, on the record, that those counts "represent different acts of gross sexual imposition" (tr. 5) and

that those crimes "really represented his penis on her buttocks; hands on her vagina * * *." (Tr. 26.)

{¶7} The appellant was referred for a presentence investigation report and returned to the trial court for sentencing on February 24, 2011. Appellant was sentenced to four years on each count, to be served consecutively. He was advised by the trial court that, upon his release from custody, he would serve a mandatory five year period of postrelease control and he was adjudicated a Tier II sex-offender. The trial court advised him of the duties associated with that classification.

{¶8} Appellant argues that the trial court committed plain error by failing to hold an allied offense hearing and failing to merge Counts 13 and 15 at sentencing.

{¶9} Appellant failed to object to the court's imposition of multiple sentences and has, therefore, waived all but plain error. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, plain error exists only when it is obvious on the record. *State v. Rogers*, 8th Dist. Nos. 97093 and 97094, 2012-Ohio-2496, ¶ 28; *State v. Tichon*, 102 Ohio App.3d 758, 767, 658 N.E.2d 16 (9th Dist.1995).

{¶10} The Ohio Supreme Court established the proper analysis for determining whether offenses qualify as allied offenses subject to merger pursuant to R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50, and has held that:

In determining whether offenses are allied offenses of similar import under

R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged. (Internal citations omitted.) *Id.*

**{¶11}** A review of the record in this case reveals that appellant cannot establish plain error.[1] The presentence investigation report was not made part of the record in this case. However, a review of the state's Amended More Particularized Bill of Particulars that was filed on January 21, 2011, reflects that Count 13 is reflective of the rubbing of the victim's leg near her vagina on Charters Road and that Count 15 references the rubbing of her vagina in Euclid, Ohio. Additionally, as mentioned above, the prosecutor noted on the record prior to appellant's plea that the two counts represented two different acts of gross sexual imposition. This court has previously

---

[1]We note that the case sub judice is distinct from the recent line of cases where this court has been called upon to address instances where the record is devoid of any indication that the challenged offenses are (or are not) allied offenses, and different panels have reached different results on the application of the plain error doctrine. *See State v. Masters*, 8th Dist. No. 95120, 2011-Ohio-937; *State v. Lindsey*, 8th Dist. No. 96601, 2012-Ohio-804; *State v. Baker*, 8th Dist. No. 97139, 2012-Ohio-1833; *State v. Rogers*, 8th Dist. Nos. 97093 and 97094, 2012-Ohio-2496; *State v. Barrett*, 8th Dist. No. 97614, 2012-Ohio-3948, 974 N.E.2d 185. The record in the present case is not such that there are insufficient facts in the record for this court to find whether the offenses are allied.

referenced the bill of particulars as "an opportunity to establish a record to resolve the allied offense issue." *State v. Baker*, 8th Dist. No. 97139, 2012-Ohio-1833, ¶ 23; *State v. Wulff*, 8th Dist. No. 94087, 2011-Ohio-700, ¶ 19, 27; *see also Barrett*, 8th Dist. No. 97614, 2012-Ohio-3948, 974 N.E.2d 185, ¶ 60 (S. Gallagher, J., dissenting); *State v. Harshman*, 3d Dist. Nos. 13-12-02,13-12-03, 13-12-04, 2012-Ohio-3901, ¶ 9.

**{¶12}** Clearly, these are separate and distinct crimes because they were committed in different locations. Although the dates of these offenses, as are all the charges in the indictment identical, the presentence investigation report may have provided us with specific dates for these crimes. Unfortunately, it was not provided in the record.

**{¶13}** Appellant's sole assignment of error is overruled.

**{¶14}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR