[Cite as *State v. Corrao*, 2011-Ohio-2517.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95167**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RONALD CORRAO, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527400

**BEFORE:** Cooney, P.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 26, 2011

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113-1901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Kristen L. Sobieski
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Ronald Corrao, Jr. ("Corrao"), appeals the trial court's judgment sentencing him to a ten-year prison term

following his guilty plea to 26 sexually oriented offenses. We find some merit to the appeal and reverse in part.

**{¶ 2}** Corrao was charged in a 35-count indictment for crimes alleged to have occurred between January 1, 2006 and January 31, 2009. Pursuant to a plea agreement, Corrao pled guilty to seven counts of pandering sexually oriented material involving a minor, 16 counts of illegal use of a minor in nudity-oriented material, one count of sexual battery, one count of corrupting another with drugs, and one count of possession of criminal tools. The remaining nine counts were nolled.

**{¶ 3}** At the sentencing hearing, the court sentenced Corrao to three years in prison on Counts 5-8, 18, 26, and 27, the seven pandering charges. The court also sentenced him to three years in prison on Counts 9-17 and 19-25, the 16 counts of illegal use of minor in nudity-oriented material. Finally, the court sentenced him to two years on the sexual battery charge, one year for corrupting another with drugs, and one year for possession of criminal tools. At the conclusion of the sentencing, the court explained:

"Now, the 3 years, with the 3 years, the 2 year, the 1 year and the 1 year are all to be served consecutively for a term of 10 years in prison."

{¶ 4}  Corrao now appeals his sentence, raising four assignments of error.

## Allied Offenses

{¶ 5}  In his first assignment of error, Corrao argues the trial court erred by imposing consecutive sentences for the pandering and illegal use of a minor in nude material convictions.  He contends these are allied offenses of similar import that should have merged for sentencing.

{¶ 6}  Corrao failed to object to the court's imposition of multiple sentences and has therefore waived all but plain error.   Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."   The Ohio Supreme Court has expressly held that the imposition of multiple sentences for allied offenses of similar import is plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31; *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶96-102.

{¶ 7}  R.C. 2941.25, which governs allied offenses, provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind

committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶ 8}** The Ohio Supreme Court recently redefined the test for determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The *Johnson* court expressly overruled *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct. *Johnson* at syllabus. "If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" Id., quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶50, (Lanzinger, J., dissenting).

**{¶ 9}** R.C. 2907.322(A)(1) prohibits pandering sexually oriented matter involving a minor, and states: "No person, with knowledge of the character of the material or performance involved, shall * * * [c]reate, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in

sexual activity, masturbation, or bestiality." R.C. 2907.323(A)(1) prohibits illegal use of a minor in nudity-oriented material or performance, and provides that "No person shall photograph any minor who is not the person's child or ward in the state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity." R.C. 2907.322(A)(1) prohibits one from photographing a minor engaged in sexual activity including masturbation. Photographs of minors engaged in sexual activity and masturbation could involve a child "in the state of nudity" prohibited by R.C. 2907.323(A)(1). Thus, it is possible for the same conduct to violate both R.C. 2907.322(A)(1) and 2907.323(A)(1).

{¶ 10} However, under *Johnson*, we must consider the defendant's conduct in determining whether the offenses are allied offenses that should merge. The record of Corrao's plea does not contain the necessary details as to the timing and circumstances of the various criminal acts from which we can make such a determination. In *Underwood*, the supreme court explained that the trial court's duty to merge allied offenses "is mandatory, not discretionary." *Underwood* at ¶26.[1] Corrao was convicted of seven counts of pandering sexually oriented matter involving a minor and 16 counts of illegal use of a minor in nudity-oriented material. These crimes were

---

[1] The *Underwood* court noted that the prosecutor and defense counsel could have stipulated in the plea agreement that the offenses were committed with a separate animus. Id. at ¶29.

committed between January 1, 2006 and January 31, 2009. It is impossible to determine whether any of the pandering and illegal use of a minor in nudity-oriented material offenses were committed in "a single act with a single state of mind." The trial court's failure to make the necessary inquiry constitutes plain error necessitating a remand. *State v. Miller*, 11th Dist. No. 2009-P-0090, 2011-Ohio-1161, ¶56, 58.

**{¶ 11}** Accordingly, we sustain the first assignment of error and vacate the sentences for pandering and illegal use of a minor in nudity-oriented material. However, because Ohio sentencing laws do not recognize the sentencing-package doctrine, our decision to vacate the sentences for pandering and illegal use of a minor in nudity-oriented material does not affect Corrao's other sentences. See *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. Therefore, we now turn to Corrao's other assigned errors as they apply to the remaining sentences.

<u>*Oregon v. Ice*</u>

**{¶ 12}** In his second assignment of error, Corrao argues the trial court erred in sentencing him to consecutive sentences without making findings under R.C. 2929.14(E)(4). Corrao contends that the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, retroactively reinstates the consecutive-sentencing statutes requiring fact-finding that were excised in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 13} The Ohio Supreme Court rejected these arguments in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. In *Hodge*, the Supreme Court held that *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *Foster*. "Because the statutory provisions are not revived, trial judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *Hodge* at ¶39. See, also, *State v. Torres*, Cuyahoga App. No. 95646, 2011-Ohio-350.

{¶ 14} Therefore, the second assignment of error is overruled.

## Proportionality

{¶ 15} In his third assignment of error, Corrao argues the trial court abused its discretion by imposing a sentence that was contrary to the sentencing guidelines. Corrao contends his sentence is more severe than other similarly situated defendants.

{¶ 16} To support a claim that a "sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal." *State v. Edwards,* Cuyahoga App. No. 89191, 2007-Ohio-6068, ¶11. Corrao raised the issue of proportionality both in his sentencing brief and at the sentencing hearing.

{¶ 17} R.C. 2929.14(E)(4) previously required a sentencing court to find "that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" before imposing consecutive sentences. The court also had to state its reasons for such finding under R.C. 2929.19(B)(2)(c). However, *Foster* severed these provisions so that a sentencing court no longer has to provide findings or reasons. *Foster* at ¶97, 99 (severed R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2) and their requirements).

{¶ 18} In a post-*Foster* plurality decision, the Ohio Supreme Court held that appellate courts must apply a two-step approach when reviewing felony sentences. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Under *Kalish*, an appellate court must first determine whether the sentence is contrary to law. If the sentence is not contrary to law, the appellate court must then consider the sentencing court's post-*Foster* application of R.C. 2929.11 and 2929.12. R.C. 2929.11 and 2929.12 are not fact-finding statutes. They serve as an "overarching guide" for a trial judge to consider in imposing an appropriate sentence. *Kalish* at ¶ 17. Consequently, *Foster* provided trial courts with "full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Kalish* at ¶17.

{¶ 19} It is undisputed that Corrao's sentence is not contrary to law. As to proportionality, Corrao's trial counsel noted that Corrao had no prior criminal history, had received sex offender treatment, and had been determined by an expert to pose a 12-13% risk of reoffending. Corrao's trial counsel also submitted a chart showing sentences other offenders received for similar offenses and noted that while one offender received a 17-year sentence, the other offenders received sentences ranging from ten months in one case to two years in several others. According to the chart, 85 percent of similar cases resulted in a sentence of 5 years or less.

{¶ 20} Although the chart lists numerous cases and sentences, it does not include any details or specifics as to the identity of the offenses or their impact on the victims. In Corrao's case, he not only possessed obscene materials but was convicted of sexual battery and corrupting another with drugs. The prosecutor noted that as a jailer in the Independence jail, he violated the public trust by inviting children into his home, where their parents thought they were safe, and assaulted them. Based on the facts in the record, which establish that there were numerous victims as a result of on-going criminal activity, we cannot say that the trial court abused its discretion in the sentence it imposed.

{¶ 21} Accordingly, the third assignment of error is overruled.

<u>Consecutive Sentences</u>

**{¶ 22}** In the fourth assignment of error, Corrao argues the trial court erred by altering his sentence to run consecutively instead of concurrently in a nunc pro tunc entry. He contends the trial court violated his constitutional right to be present in the courtroom at every stage of the proceedings.

**{¶ 23}** In the journal entry dated May 5, 2010, the court indicated that the pandering counts were to run concurrently with each other but consecutive to all other counts. However, it failed to state that any of the other counts were to be served consecutively to the other counts. This entry was revised twice in two separate nunc pro tunc entries dated May 12 and May 18, 2010. In the entry dated May 18, the court added the words "to run consecutive" to counts 29, 31, and 35 and indicated that the total sentence would be 10 years. Corrao contends that the trial court erred by altering his sentence outside his presence.

**{¶ 24}** Corrao contends the May 18 nunc pro tunc entry altered his sentence by imposing consecutive prison terms where the court had previously imposed concurrent terms at the sentencing hearing. In support of this argument, Corrao relies on a passage in the transcript from the sentencing hearing in which the court stated:

"It's therefore ordered that the defendant shall serve a stated term of 3 years in prison on counts five, six, seven, eight, 18, 26, and 27; 3 years in prison on counts 21, 22, 23, 24, and 25; 3 years on counts five, six, seven, eight, 18, 26 and 27 which can be served currently [sic] with the 3 years on the counts previously mentioned, nine, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, can be served currently [sic]."

**{¶ 25}** However, the court went on to explain:

"The defendant is to serve 2 years on the sexual battery charge, 1 year for corrupting another with drugs. The sexual battery charge is count 29, 2 years, corrupting another with drugs 20, one year, and possession of criminal tools, count 35, the defendant is sentenced to 1 year.

"Now, the 3 years, with 3 years, the 2 year, the 1 year and the 1 year are all to be served consecutively for a term of 10 years in prison."

**{¶ 26}** When the transcript of the sentencing hearing is read in its entirety, it becomes clear that the court sentenced Corrao to an aggregate ten-year prison term. Corrao's trial counsel even acknowledged the consecutive prison terms by objecting to the imposition of consecutive sentences at the end of the hearing. Therefore, the nunc pro entry, which states the prison terms are to be served consecutively, did not alter Corrao's sentence. It corrected the sentencing entry to reflect what actually happened in open court in accordance with Crim.R. 36.

**{¶ 27}** Accordingly, the fourth assignment of error is overruled.

Affirmed in part; reversed in part and remanded for further proceedings on merger of allied offenses and resentencing.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR