[Cite as *State v. Baker*, 2012-Ohio-1833.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97139**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NATHANIEL BAKER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545931

**BEFORE:**  S. Gallagher, J., Blackmon, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  April 26, 2012

**ATTORNEY FOR APPELLANT**

Rick Ferrara
2077 East 4th Street
Second Floor
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Ronni Ducoff
        Mary McGrath
        Mark J. Mahoney
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Nathaniel Baker appeals his conviction, entered after a plea of guilty, on three counts of rape in violation of R.C. 2907.02(A)(2) and two counts of gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4). For the following reasons, we affirm in part, reverse in part, and remand.

{¶2} The record is nearly devoid of any facts. From what can be gleaned from the sparse record, Baker is accused of sexual activity with his daughter, who was under 13 years of age at the time of the acts. The state indicted Baker on ten counts of rape pursuant to R.C. 2907.02(A)(1)(b), ten counts of GSI in violation of R.C. 2907.05(A)(4), and ten counts of kidnapping in violation of R.C. 2905.01(A)(4), all of which occurred between July 1, 2009 and June 30, 2010. Baker was also indicted on one count of rape in violation of R.C. 2907.02(A)(2), one count of GSI in violation of R.C. 2907.05(A)(1), and one count of kidnapping in violation of R.C. 2905.01(A)(4), which were alleged to have occurred on December 31, 2010. As part of a plea deal brokered by Baker, the state amended the R.C. 2907.02(A)(1)(b) rape charges to be violations of R.C. 2907.02(A)(2) and removed the sexually violent predator specifications. Baker pleaded guilty to all but three of the rape charges, as amended, and two of the R.C. 2907.05(A)(4) GSI charges. The trial court sentenced Baker to an aggregate term of imprisonment of 32 years: nine years on each count of rape, to be served consecutively, and five years on each count of GSI, to be served concurrent to each other, but consecutive to the rape

counts. Baker raised four assignments of error in his delayed appeal. We will address each in turn.

{¶3} Baker's first assignment of error challenges the trial court's sentencing entry that incorrectly memorialized the terms of the plea. The state concedes the error. At Baker's change of plea hearing, the state amended the rape counts to be violations of R.C. 2907.02(A)(2) rather than 2907.02(A)(1)(b). At the change of plea and sentencing hearings, all parties and the court correctly noted this amendment; however, the trial court inadvertently misstated the amendment in the change of plea and sentencing journal entries. The trial court restated the rape charges as violations of R.C. 2907.02(A)(1)(b), as originally indicted. We, therefore, sustain Baker's first assignment of error and remand the case to the trial court for the limited purpose of issuing a nunc pro tunc entry to correct the error.

{¶4} In Baker's second assignment of error, he argues the trial court failed to comply with Crim.R. 11, and therefore, his plea was not knowingly, voluntarily, or intelligently made. His second assignment of error is without merit.

{¶5} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. We will not reverse such a determination if the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2)(b), which includes

the maximum penalties. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "A plea is in substantial compliance * * * when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker*, 8th Dist. No. 65794, 1994 WL 530892, *2 (Sept. 29, 1994), citing *State v. Rainey*, 3 Ohio App.3d 441, 446 N.E.2d 188 (10th Dist.1982), paragraph one of the syllabus. Furthermore, a defendant must show a prejudicial effect, or, in other words, whether the plea would have otherwise been made. *Id.*

{¶6} Baker argues that although the trial court correctly noted that any sentence received would be mandatory, the court also stated that the prison sentence would only be mandatory "if" imposed. Baker argues that the trial court's language implied that he might not be sentenced to any prison term and he would not have entered the guilty plea otherwise. The court, however, used the "if the sentence is imposed" language when offering hypothetical prison terms to clarify the mandatory nature of a consecutive sentence. Such language does not lessen the court's subsequent admonishment that it was required to impose some prison term between three and ten years on each rape count.

{¶7} The trial court stated that it was required to impose a prison term on the three rape counts, which were the counts subject to the mandatory sentencing. During the plea colloquy, the trial court notified Baker that he faced a prison term ranging from three to ten years and any sentence imposed within that range would be mandatory.

Immediately after discussing the prison term, the trial court stated: "Now, as the court is required to impose a prison term on [the three rape counts], these are felonies of the first degree, [and] you'll be subject to postrelease control * * *." (Tr. 14:22-24.) Baker thereafter affirmatively acknowledged the mandatory nature of the penalties and time served once imposed. The trial court thus notified Baker of the range of the potential sentence, the mandatory nature of any time imposed, and the mandatory nature of the imposition of a prison sentence. The trial court complied with the Crim.R. 11 mandates, and Baker's guilty plea was knowingly, voluntarily, and intelligently entered. Baker's second assignment of error is overruled.

{¶8} In his third assignment of error, Baker argues that the trial court failed to make and record findings substantiating the imposition of consecutive sentences as required by the newly enacted version of R.C. 2929.14(C)(4) (eff. Sept. 30, 2011). Baker's third assignment of error is without merit.

{¶9} The General Assembly recently amended R.C. 2929.14 and enacted new language requiring fact-finding for consecutive sentences. *State v. Sutton*, 8th Dist. No. 97132, 2012-Ohio-1054, ¶ 14; R.C. 2929.14(C)(4) (eff. Sept. 30, 2011). This legislation became effective September 30, 2011, and is not applicable to Baker. Baker was sentenced in May 2011. At the time Baker was sentenced, it was well established that "judicial fact-finding is not required before imposition of consecutive prison terms." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 99. The *Foster* court declared R.C. 2929.14(E)(4) unconstitutional and severed the provision from the

statute. The trial court complied with Ohio's sentencing requirements as they existed at the time Baker was sentenced, and Baker's third assignment of error is overruled.

{¶10} Finally, in his fourth assignment of error, Baker argues that the trial court imposed sentences on allied offenses that were subject to merger. Baker claims that the imposition of sentences on the two rape and two GSI claims was based on conduct that occurred during the same time period and the trial court was therefore required to review the facts of the crimes to determine whether the offenses were allied. Baker concedes that the third rape charge, Count 31 of the indictment, occurred on a distinct date after the period of time alleged for the other two rape charges. Baker's fourth assignment of error has merit.

{¶11} The record reflects that Baker never raised or affirmatively waived the issue of merger in the trial court and therefore has waived all but plain error on appeal. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Plain error exists if the outcome of the proceedings would have been otherwise. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61.

{¶12} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court overruled *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), and established, through a two-tiered test, that the conduct of the accused must be considered when determining whether offenses are allied offenses of similar import

subject to merger. The *Johnson* test first relies on the facts of the criminal conduct in order to determine whether the offenses are allied offenses of similar import. *State v. Hicks*, 8th Dist. No. 95169, 2011-Ohio-2780, ¶ 10; *State v. Snuffer*, 8th Dist. Nos. 96480, 96481, 96482, and 96483, 2011-Ohio-6430. "The second tier of the *Johnson* test requires the court to look at the 'state of mind' of the offender to determine if the offender acted with a separate animus or [a separate] purpose in committing two or more offenses." *Hicks* at ¶ 11. The *Johnson* test upholds the tenets of the Eighth Amendment of the United States Constitution, which prohibits multiple punishments for the same crime.

**{¶13}** The shift from *Rance* to *Johnson* directly affected the sentencing process and the issue raised in the current appeal. The *Johnson* test requires a factual inquiry into the conduct of the defendant, while *Rance* called for a comparison of multiple offenses "solely in the abstract." *Johnson* at ¶ 44. Prior to *Johnson*, appellate review of allied offense issues was aided by that fact. *See State v. Banks*, 8th Dist. No. 93880, 2010-Ohio-1762, ¶ 24-34 (vacating defendant's sentences on involuntary manslaughter and failure to comply with an order of the police as being allied offenses subject to merger based on an abstract review). *Johnson* ushered in a new era where trial courts are always required to delve into the factual underpinnings of the case in order to resolve the allied offense issue, akin to the factual inquiries required under *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979).[1]

---

[1]In *Logan*, the Ohio Supreme Court adopted guidelines for courts to determine whether kidnapping and another offense had been committed with a separate animus, holding as follows:

> Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions. *Id.* at syllabus.

{¶14} Under *Johnson*, a factual inquiry must be made prior to sentencing. *Johnson* at ¶ 47. This is true unless the issue has not otherwise been resolved by stipulation as contemplated in *Underwood*. It is not clear, however, that blanket statements or stipulations to the offenses being separate, during the plea or sentencing stages, will resolve the allied offense issue entirely. *E.g., State v. Ward*, 8th Dist. No. 97219, 2012-Ohio-1199 (finding the fact that the state and the defense counsel agreed during the plea hearing to the offenses being separate offenses dispositive of the allied offense issue). A general agreement merely supplants an allied offense issue with an ineffective assistance of counsel one — for mistakenly advising the defendant to agree to multiple sentences for a single crime. Without the facts of the defendant's conduct in the record, the reviewing court will be unable to resolve the ineffective assistance of counsel claim either. It seems the better course would be for the state to include in the record the facts of the defendant's conduct, satisfying the *Johnson* test, prior to sentencing.

{¶15} Nevertheless, the *Underwood* majority began with the presumption that the offenses at issue were allied and subject to merger based on the state's concession. *Id.* at ¶ 30. We also acknowledge that *Underwood* was decided under the *Rance* framework and did not contemplate a purely conduct-based inquiry to resolve the allied offense issue. In simple terms, does *Underwood* apply to situations where the allied-offense issue was left unresolved by the trial court and is incapable of being reviewed upon appeal for the

failure to include any evidence of the defendant's conduct? This court answered this question in the affirmative. *State v. Corrao*, 8th Dist. No. 95167, 2011-Ohio-2517, ¶ 10.

**{¶16}** In *Corrao*, this court extended *Underwood* and held that "the trial court's failure to make the necessary inquiry[, into the allied offense issue post-*Johnson*,] constitutes plain error necessitating a remand."[2] *Id.* In *Corrao*, the trial court sentenced a defendant on multiple counts of pandering sexually oriented matter involving a minor and illegal use of a minor in nudity-oriented material without first inquiring into whether those crimes were allied offenses subject to merger. *Id.* The record was devoid of any factual basis to resolve the allied offense question, and this court remanded the case to the trial court. *Id.*

**{¶17}** The trial court is therefore prohibited from imposing individual sentences for counts that constitute allied offenses of similar import unless the defendant specifically stipulates to a separate animus or separate acts, either during the plea or at the sentencing hearing. *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26-27. Further, "[a] defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing." *Underwood* at ¶ 26. A plea to

---

[2]There is historical support for this proposition. In *State v. Kent*, 68 Ohio App.2d 151, 428 N.E.2d (8th Dist.1980), this court held that the trial court has "an affirmative duty to make inquiry as to whether the allied offense statute would be applicable" prior to sentencing the defendant. *Id.* at 156; *see also State v. Latson*, 133 Ohio App.3d 475, 728 N.E.2d 465 (8th Dist.1999). *Kent* was implicitly overruled by *State v. Comen*, 50 Ohio St.3d 206, 211, 533 N.E.2d 640 (1990), which overruled the defendant's challenge on an allied offense issue for not being raised at the trial court level during the plea and sentencing hearings. Of course, *Comen* has since been itself contradicted by *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29.

reduced charges, in and of itself, is not a stipulation to separate animus or separate acts. Waiver of a fundamental, constitutional right must be an intentional relinquishment or abandonment of a right. *Id.* at ¶ 32. Defendants cannot "acquiesce away" a constitutional right. As recognized by then Justice O'Connor,

> [a] defendant may be indicted for multiple offenses that arise out of the same conduct, R.C. 2941.25(A), and the trier of fact may find the defendant guilty of multiple offenses that arise out of the same conduct without running afoul of R.C. 2941.25. The trial court does not consider a defendant's merger argument until the state has proven all of the elements of each offense beyond a reasonable doubt. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 18, citing *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), and quoting *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135. *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 68 (O'Connor, J., concurring).

{¶18} In the context of pleas, the state satisfies its burden to prove all elements of each offense beyond a reasonable doubt through the guilty plea, which admits the allegations in the indictment. However, if the indictment fails to identify the facts supporting each count, the defendant cannot be said to waive the allied offense issue.

{¶19} In short, there is no magic cleansing that occurs through the process of case resolution that satisfies the constitutional prohibition against imposing individual

sentences for counts that constitute allied offenses. Merger must be addressed and resolved, or it remains outstanding. As noted in *Underwood*, "[a] trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions." *Id.* Thus, the constitutional and Ohio statutory prohibition against multiple punishments for the same conduct must always be addressed in the absence of a stipulation to a separate animus or separate acts.

**{¶20}** We acknowledge that for years appellate courts have declined to review claims of plain error in other areas of the law where the record did not contain information that would support reversal. *See State v. Florence*, 2d Dist. No. 20439, 2005-Ohio-4508 (concerning jury instructions); *State v. O'Brien*, 5th Dist. No. 2004-CA-00034, 2004-Ohio-7275 (concerning claims of prosecutorial misconduct). This view has recently crept into the plain error analysis covering merger of offenses. *See State v. Lindsey*, 8th Dist. No. 96601, 2012-Ohio-804.

**{¶21}** In *Lindsey*, this court held that in order to demonstrate plain error to reverse on allied offense issues, a defendant must offer evidence to make an obvious case for plain error, relying on *State v. Snuffer*, 8th Dist. Nos. 96480, 96481, 96482, 96483, 2011-Ohio-6430. *Snuffer* is distinguishable. In *Snuffer*, the trial court addressed the allied offense issue at sentencing and this court held that a defendant must offer more than allegations on appeal to demonstrate error after the trial court determined at sentencing that some, but not all, of the counts merge. *Lindsey*, on the other hand, applied *Snuffer* in a situation where the trial court did not address the allied offense issue

at sentencing and there were no facts in the record on appeal to determine whether the offenses were allied.

**{¶22}** We acknowledge that *Lindsey* and *Corrao* conflict. Both cases dealt with situations where the record was devoid of facts describing the defendant's conduct, the defendant did not stipulate to a separate animus or to separate acts forming the basis of the crimes, and the defendant failed to raise the merger issue at sentencing. In *Corrao*, this court held that failure to resolve the allied offense issue in the absence of an *Underwood* stipulation is plain error, while in *Lindsey*, this court held that a defendant needs to proffer a factual basis to support plain error review. For the current case, we must adhere to the *Corrao* decision and the basic premise that the trial court's failure to inquire into the allied offense issue at the sentencing hearing is plain error. R.C. 2941.25 obligates the trial court to determine whether the offenses are allied. *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29.

**{¶23}** Before reaching a plain error conclusion in this case, we first must determine whether there are sufficient facts to review the allied offense issue based on a review of the limited record. The current case involved a 33-count indictment that includes a range of dates from July 1, 2009 to June 30, 2010, for the first 30 offenses charged and a specific date of December 31, 2010, for the last three counts charged. These so-called "range of date" indictments are particularly troublesome for allied offense analysis because it is impossible to distinguish different conduct involving the same type of offense without reference to distinct dates or facts. In this instance, the

indictment does not distinguish conduct (such as vaginal or anal intercourse or cunnilingus) or temporal differences that would aid in the analysis of the rape counts. The same is true of the GSI counts. The 31st count involved a distinct date, so there is no issue on the face of the indictment that the last rape count is a separate offense on its face. The trial court had to find another way to distinguish Counts 1 and 3 involving rape, as well as Counts 11 and 12 involving GSI to satisfy its burden to inquire into the conduct of the defendant to resolve the allied offense issue. The bill of particulars was nothing more than a recitation of the indictment and offered no separate basis to resolve the allied offense issue. The state missed a third opportunity to establish a record to resolve the allied offense issue in plea negotiations when it failed to secure a stipulation to separate acts or a separate animus for each crime. In other words, nothing prior to the sentencing hearing could be used to resolve the allied offense issue.

{¶24} It appears the trial court and the parties reviewed the presentence investigation ("PSI") report as a basis for determining these offenses were separate and distinct. The defense counsel even stipulated to this document; however, the PSI report did not indicate what conduct aligns with which allegation, nor did it allude to any specific facts that distinguished the criminal acts. Therefore, any reliance on the PSI report to determine the allied offense issue is insufficient.

{¶25} After a thorough review of the record, we cannot resolve the allied offense issue as to the two rape counts and the two GSI counts for the same time periods. The trial court erred by failing to inquire into the allied offense issue on those four counts

prior to sentencing Baker, and such error constitutes plain error. Baker's fourth assignment of error is sustained, his sentences for rape on Counts 1 and 3 and GSI on Counts 11 and 12 are vacated, and the case is remanded in order to resolve the allied offense issue amongst those counts.

{¶26} The trial court is affirmed in part, reversed in part, and the case remanded for proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY EILEEN KILBANE, J., CONCUR