[Cite as *State v. Chaney*, 2012-Ohio-4934.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97872

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LENA CHANEY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-550906

**BEFORE:**   Rocco, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   October 25, 2012

-i-

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Brian D. Kraft
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Lena Chaney appeals from her convictions and the sentences imposed after she entered a guilty plea to charges of felonious assault and attempted felonious assault.

{¶2} Chaney presents two assignments of error. She claims that the trial court erred in accepting her guilty plea because the court did not personally inform Chaney of the maximum penalties for the offenses during the plea hearing and, therefore, did not properly ascertain whether her plea was knowingly, intelligently, and voluntarily made under Crim.R. 11(C)(2)(a). Chaney also claims that the trial court erred in failing to consider whether the counts to which Chaney pled guilty were allied offenses of similar import under R.C. 2941.25 that should have been merged for sentencing.

{¶3} Upon review of the record, this court finds that Chaney's assignments of error have no merit. Chaney's convictions and sentences are affirmed.

{¶4} In June 2011, Chaney was charged with one count of attempted murder, three counts of felonious assault, and one count of attempted felonious assault. On December 6, 2011, Chaney pled guilty to Count 2 of the indictment, felonious assault in violation of R.C. 2903.11(A)(1) with forfeiture specifications, and Count 5 of the indictment, attempted felonious assault in violation of R.C. R.C. 2923.02 and 2903.11(A)(1) with forfeiture specifications. The felonious assault and attempted felonious assault counts

involved different victims.   In exchange for Chaney's plea, the State dismissed the remaining counts of the indictment.

{¶5} During the plea hearing, the assistant prosecutor explained the plea agreement and outlined the potential penalties for each of the counts, i.e., that felonies of the second degree carry a potential penalty of two to eight years in prison and a potential fine of up to $15,000 and that felonies of the third degree carry a potential penalty of nine to 36 months and a potential fine of up to $10,000.   The trial court followed with an explanation of postrelease control.   Chaney's counsel confirmed that the prosecutor had accurately described the plea agreement.

{¶6} The trial court asked Chaney whether she understood what the prosecutor and her attorney had said.   Chaney replied that she did not understand the counts to which she was pleading.   The trial court explained that she was pleading guilty to Count 2 of the indictment, felonious assault, a felony of the second degree, and Count 5 of the indictment, attempted felonious assault, a felony of the third degree.

{¶7} Following the trial court's explanation, Chaney stated she understood.   The trial court proceeded to explain Chaney's constitutional trial rights to her and confirmed she understood and was waiving these rights.   Chaney's counsel indicated that he was satisfied that the trial court had complied with Crim.R. 11.   Finding that her plea was knowingly, intelligently, and voluntarily made, the trial court accepted Chaney's guilty plea to Counts 2 and 5 of the indictment and dismissed the remaining counts.

**{¶8}** On January 5, 2012, the trial court conducted Chaney's sentencing hearing. The court sentenced Chaney to concurrent prison terms of four years on the felonious assault count and twenty-four months on the attempted felonious assault count.

**{¶9}** Chaney appeals from her convictions and sentences and presents the following two assignments of error:

> **I. Appellant did not enter her guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform her of the maximum penalties as required by Crim.R. 11(C)(2)(a).**

> **II. The trial court erred by ordering convictions and a sentence for separate counts because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14 but the trial court failed to undertake any such analysis.**

**{¶10}** In her first assignment of error, Chaney argues that she did not enter her guilty plea knowingly, intelligently, or voluntarily because the trial judge did not personally inform her of the maximum penalty involved. Crim.R. 11(C)(2)(a) states

> 2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing; * * *

**{¶11}** In determining whether the trial court has satisfied its duties in accepting a plea under Crim.R. 11, reviewing courts distinguish between constitutional and nonconstitutional rights. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 474, ¶ 14-21. The trial court must strictly comply with the requirements of Crim.R. 11(C) relating to the waiver of constitutional rights. *Id.* at ¶ 18.

**{¶12}** As to the nonconstitutional aspects of Rule 11(C), the trial court must "substantially comply" with the rule's requirements. *Veney* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). **{¶13}** The right to be informed at the plea hearing of the maximum possible penalty that could be imposed upon conviction is a nonconstitutional right. *State v. McKissic,* 8th Dist. Nos. 92332 and 92333, 2010-Ohio-62, ¶ 13, citing *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). Accordingly, the trial court's actions are reviewed for substantial compliance with Crim.R. 11(C)(2)(a). The record reflects that the trial court substantially complied with Crim.R. 11(C)(2)(a).

**{¶14}** The fact that the assistant prosecutor, rather than the trial judge, explained the maximum penalties applicable to the offenses involved during Chaney's plea hearing does not preclude substantial compliance with Crim.R. 11. As this court previously stated in *McKissic*:

> Although it would have been better for the trial judge himself to have explained the maximum penalties to the defendant, substantial compliance with Crim.R. 11(C) suffices with respect to nonconstitutional rights. Thus, the court may properly determine that the defendant understands those matters from the totality of the circumstances, without informing him about them directly." *McKissic* at ¶ 17, citing *State v. Gibson*, 34 Ohio App.3d 146, 517 N.E.2d 990 (8th Dist.1986); *State v. Rainey,* 3 Ohio App.3d 441, 446 N.E.2d 188 (10th Dist.1982). *See also State v. Sims,* 8th Dist. No. 95979, 2011-Ohio-4819 (trial court substantially complied with Crim.R. 11(C) where the prosecutor informed appellant of the potential

maximum sentences for the offenses at issue and the appellant stated on the record that he understood).

{¶15} In this case, the record adequately demonstrates that Chaney was informed of the potential maximum penalties for the offenses involved at the outset of the plea hearing. Although Chaney, a high school graduate who had completed two years of college, had a question regarding the specific counts as to which she was entering a guilty plea, which the trial court addressed, she had no questions regarding potential penalties for the offenses.

{¶16} Based on the totality of the circumstances, the record shows that Chaney subjectively understood the maximum potential penalties associated with her guilty plea. The trial court did not violate Crim.R. 11(C)(2)(a) in accepting Chaney's plea. Accordingly, Chaney's first assignment of error is overruled.

{¶17} In her second assignment of error, Chaney complains that the trial court should not have imposed sentences on both the felonious assault and attempted felonious assault counts without first undertaking an analysis to determine whether the counts were subject to merger under R.C. 2941.25. Chaney requests this court to reverse her sentences and remand for a determination of whether the felonious assault and attempted felonious assault counts were allied offenses of similar import.

{¶18} Chaney failed to object to the imposition of multiple sentences below and has therefore waived all but plain error. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An error rises to the level of plain error only if, but for the error, the

outcome of the proceedings would have been different. *State v. Harrison,* 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶61; *State v. Long,* 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.*

{¶19} The Ohio Supreme Court has held that the imposition of multiple sentences for allied offenses of similar import is plain error. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31, citing *State v. Yarbrough,* 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 96-102.

{¶20} R.C. 2941.25 provides:
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of

dissimilar import, or where his conduct results in two or more offenses of

the same or similar kind committed separately or with a separate animus as

to each, the indictment or information may contain counts for all such

offenses, and the defendant may be convicted of all of them.

{¶21} In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether offenses constitute allied offenses subject to merger pursuant to R.C. 2941.25:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is

possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."    * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has a separate animus for each offense, then according to R.C. 2941.25(B), the offenses will not merge.

*Id.* at ¶ 48-50.

**{¶22}** Chaney argues that, because the conduct at issue involved a single transaction, the trial court was required to conduct a factual inquiry under *Johnson* to determine whether the felonious assault and attempted felonious assault offenses were allied. Chaney further claims that, based on the limited facts in the record, the trial court's failure to conduct such an inquiry constitutes plain error requiring a remand, citing *State v. Corrao*, 8th Dist. No. 95167, 2011-Ohio-2517.

**{¶23}** In *Corrao*, the trial court sentenced a defendant on multiple counts of pandering sexually oriented matter involving a minor and illegal use of a minor in nudity-oriented material without first inquiring whether those counts were allied offenses subject to merger. Because the record was devoid of facts necessary for the court to resolve the allied offense issue, this court remanded the case to the trial court, finding that "[t]he trial court's failure to make the necessary inquiry constitutes plain error

necessitating a remand." *Id.* at ¶10.[1]   **{¶ 24}** In this case, however, sufficient facts exist in the record from which to resolve the issue Chaney presents. The transcript from the sentencing hearing indicates that Chaney drove a mini-van into a former boyfriend, striking and seriously injuring him. The indictment specifies that two victims were involved in the incident, Martel Thomas and Ashley Chadwick.

**{¶ 25}** Although both the felonious assault and attempted felonious assault counts stem from the same course of conduct, it resulted in the commission of offenses against two victims. "Separate convictions and sentences are permitted [under R.C. 2941.25] when a defendant's conduct results in multiple victims." *State v. Allen*, 8th Dist. No. 97014, 2012-Ohio-1831, ¶ 59, citing *State v. Skaggs,* 2d Dist. No. 10-CA-26, 2010-Ohio-5390, ¶ 7.

**{¶ 26}** Where a defendant commits the same offense against different victims during the same course of conduct, a separate animus exists for each victim such that the offenses are not allied, and the defendant can properly be convicted of and sentenced on multiple counts. *State v. Gregory,* 90 Ohio App. 3d 124, 129, 628 N.E.2d 86 (12th Dist. 1993) (where appellant was aware of the presence of two potential victims in a car at

---

[1]This court notes that different panels of this court have reached different conclusions as to whether a trial court's failure to conduct an allied offense inquiry prior to sentencing constitutes plain error where the record on appeal contains insufficient facts from which it can be determined whether an allied offense error occurred. *See, e.g., State v. Barrett*, 8th Dist. No. 97614, 2012-Ohio-3948; *State v. Lindsey*, 8th Dist. No. 96601, 2012-Ohio-804; *State v. Corrao*, 8th Dist. No. 95167, 2011-Ohio-2517; *State v. Baker*, 8th Dist. No. 97139, 2012-Ohio-1833. This issue is not addressed here because the facts in the record, albeit limited, are nevertheless sufficient to resolve the allied offense issue.

which he fired multiple gunshots, he could properly be convicted of two counts of felonious assault).

{¶ 27} Further, as this court has observed "'[w]hen an offense is defined in terms of conduct towards another, then there is dissimilar import for each person affected by the conduct.'" *State v. Snuffer*, 8th Dist. Nos. 96480, 96481, 96482, and 96483, 2011-Ohio-6430, ¶ 4, quoting *State v. Phillips,* 75 Ohio App.3d 785, 790, 600 N.E.2d 825 (2d Dist.1991), citing *State v. Jones,* 18 Ohio St.3d 116, 118, 480 N.E.2d 408. *See also State v. Logan*, 8th Dist. No. 97022, 2012-Ohio-1944, ¶ 53; *State v. Johns*, 11th Dist. No. 2011-A-0003, 2012-Ohio-864, ¶ 33.

{¶ 28} Because the felonious assault and attempted felonious assault counts on which Chaney was sentenced involved different victims, they are not allied offenses. The trial court's imposition of a separate sentence on each count therefore does not constitute plain error.

{¶ 29} Chaney's second assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentences.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR