[Cite as *State v. Mitchell*, 2021-Ohio-1252.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT2020-0041 |
| JONATHAN M. MITCHELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
                            Pleas, Case No. CR2020-0172


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     April 9, 2021


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RONALD L. WELCH                       TODD W. BARSTOW
PROSECUTING ATTORNEY                  261 West Johnstown Road
TAYLOR P. BENNINGTON                  Suite 204
ASSISTANT PROSECUTOR                  Columbus, Ohio  43230
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43702-0189

*Wise, J.*

**{¶1}** Defendant-Appellant Jonathan M. Mitchell appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas on three counts of Aggravated Arson, following a guilty plea.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts, as set forth at the plea hearing, and procedural history are as follows:

**{¶4}** On March 20, 2020, Appellant Jonathan M. Mitchell's ex-girlfriend, K.E., called the Zanesville Police Department to report that Appellant was making threats to kill both her and himself. She stated that Appellant also threatened to burn down her house.

**{¶5}** Hours later, at approximately 3:25 a.m. on March 21, 2020, K.E.'s house was set on fire. Both the fire department and police department responded and believed it to be arson.

**{¶6}** When detectives spoke with K.E., she stated that earlier that evening Appellant had entered her apartment without her permission, again stating that he was going to kill himself and was also going to kill her. She ultimately made him leave by calling the police. K.E. then went to work.

**{¶7}** Throughout the evening, Appellant continued to call her, in what she described to be a harassing nature. Appellant threatened to kill her and her family and repeated that he was going to burn down her house approximately ten (10) different times. The final call came thirty (30) minutes before the fire was reported. Appellant made

statements to her leading her to believe he was actually inside her house. He then admitted to being in her home and was "warming up." (Plea T. at 14).

{¶8} As part of their investigation, Detectives spoke with the mother of Appellant's child, who he was with throughout that evening. She stated that Appellant confessed to setting the fire.

{¶9} K.E.'s residence was a complex which contained three (3) separate residences. Each residence was harmed by the fire.

{¶10} Appellant was subsequently arrested.

{¶11} On April 15, 2020, the Muskingum County Grand Jury indicted Appellant Jonathan M. Mitchell on April 15, 2020, on two counts of Aggravated Arson, both felonies of the first degree; one count of Aggravated Arson, a felony of the second degree; one count of Burglary, a felony of the third degree, and one count of Trespass in a Habitation, a felony of the fourth degree.

{¶12} On May 27, 2020, Appellant appeared with counsel and entered a plea of guilty to the Aggravated Arson counts. The remaining charges were dismissed on the motion of the State.

{¶13} On July 1, 2020, Appellant appeared with counsel for sentencing. The court imposed a six (6) year sentence on each of the first-degree felony arson charges and a three (3) year sentence on the second-degree felony arson charge and ordered the sentences to be served consecutively, for an aggregate sentence of fifteen years.

{¶14} Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENT OF ERROR**

**{¶15}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

**I.**

**{¶16}** In his sole assignment of error, Appellant argues the trial court erred by imposing consecutive sentences. We disagree.

**{¶17}** This Court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Pursuant to R.C. §2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), §2929.14(B)(2)(e) or (C)(4), or §2929.20(I), or the sentence is otherwise contrary to law.

**{¶18}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶19}** R.C. §2929.14(C)(4) governs consecutive sentences and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177,

16 N.E.3d 659, syllabus. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

**{¶21}** In the case *sub judice*, Appellant plead guilty to aggravated arson. At sentencing, the trial court heard arguments made by the parties and reviewed the pre-sentence investigation. The trial court noted that in 2017, Appellant had a felony conviction involving three (3) counts of domestic violence, stating:

> Two of them felonies of the fourth degree one being a felony of the fifth degree with a pregnant victim, being your ex, who was pregnant at the time, and you struck one of your children with a tall boy you threw at her. She was attacked and the mother was attacked. And then on another date there was another attack. In that case there was actually three victims. There were actually two incidents. (Sent. T. at 10).

**{¶22}** The trial court then reviewed Appellant's criminal history, noting his prior convictions for criminal damaging, violation of protection order, domestic violence, disorderly by fighting, fighting, criminal damaging, and aggravated menacing as a juvenile. The trial court further found:

> ... it's also noted in the PSI that you went to a counselor for two years after your 2014 domestic violence who tried to get you off the drinking and marijuana and on to mental health meds, which you never did. You also claim you returned to counseling briefly both in 2017 and 2018 and still did not do anything to make yourself any better. (Sent. T. at 11).

**{¶23}** Appellant argues that no person was physically harmed as a result of his actions and that although three families were affected, no one presented evidence that they had suffered harm that was "great or unusual".

**{¶24}** Perhaps, viewed in a vacuum, there are more gory or horrific arson cases, however, as noted by the trial court, and admitted to by Appellant, two separate families, including a child, were home when Appellant set fire to the building. While the actual monetary and physical harm suffered may have been less than some other arson cases, the harm that could have come to all who lived in the building (and others) had the fire spread was unknowable and out of Appellant's hands once he started the fire.

**{¶25}** Further, where a defendant commits the same offense against different victims during the same course of conduct, a separate animus exists for each victim such that the offenses are not allied, and the defendant can properly be convicted of and sentenced on multiple counts. *State v. Chaney,* 8th Dist. No. 97872, 2012-Ohio-4934, 2012 WL 5289942, ¶ 26, citing *State v. Gregory,* 90 Ohio App.3d 124, 129, 628 N.E.2d 86 (12th Dist.1993).

**{¶26}** In *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, the Ohio Supreme Court held that under R.C. §2909.02(A)(1), regarding aggravated arson, no person shall knowingly set a fire that creates a substantial risk of serious harm or injury to another person.

**{¶27}** The defendant in *Franklin* set a fire that killed six people, but argued that the aggravated arson counts were allied offenses of similar import that should merge into one count "because he set only one fire and thus committed only one arson." *Id.* at ¶ 48. The Ohio Supreme Court rejected this argument, finding that even though the defendant

set only one fire, each aggravated arson count recognized that his conduct created a substantial risk of harm to a separate person. *Id. See also*: *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 23; *State v. Johnson*, 8th Dist. Cuyahoga No. 108311, 2020-Ohio-568, ¶ 21; *State v. Collins,* 8th Dist. No. 95415, 2011-Ohio-3241, (court found that although Collins set one fire, he created a substantial risk of harm or injury to four children and separate arson counts as to each victim remain).

**{¶28}** Here, we find that the trial court was entitled to conclude that the harm caused was so great or unusual that no single term would adequately reflect the seriousness of Appellant's actions.

**{¶29}** We further find that the trial court could reasonably conclude that, in light of the severe nature of the incident, Appellant poses a threat to the public and could commit future crime and that consecutive sentences were necessary to protect the public from him and punish him for his actions.

**{¶30}** Upon our review of the record, we find that the trial court considered the appropriate recidivism and seriousness factors, made the required findings, gave the necessary reasons for its findings, and properly applied the statutory guidelines before sentencing Appellant. Accordingly, we clearly and convincingly find that the record supports the sentence, and that the sentence is not contrary to law.

**{¶31}** Appellant's sole assignment of error is overruled.

**{¶32}** Accordingly, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0405