[Cite as *State v. Quigley*, 2011-Ohio-5500.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   96299

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SEAN QUIGLEY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-536912, CR-536920, CR-539841,
CR-542618, and CR-542638

**BEFORE:**   E. Gallagher, J., Kilbane, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    October 27, 2011

**ATTORNEY FOR APPELLANT**

David H. Brown
David H. Brown, LLC
1956 West 25th Street
Suite 302
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    John P. Colan
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

**{¶ 1}**  Sean Quigley appeals his sentence received in the Cuyahoga County Common Pleas Court.   Quigley argues the trial court erred in imposing a term of incarceration that was not proportionate to the conduct he committed and that his trial counsel rendered ineffective assistance in allegedly conceding that Quigley would be sentenced to prison.   Finding no merit to this appeal, we overrule Quigley's appeal.

**{¶ 2}**  Cuyahoga County grand juries indicted Quigley in several criminal cases in 2010.   As part of a plea agreement with the State, Quigley pleaded guilty to breaking and entering (CR-536912), attempted theft and theft (CR-536920) and burglary

(CR-539841). While awaiting sentencing, Quigley committed additional crimes, resulting in two additional felony indictments in Cuyahoga County. In those cases, Quigley ultimately pleaded guilty to an amended charge of burglary and theft (CR-542618) and carrying a concealed weapon and having weapons under disability (CR-542638). On December 22, 2010, the trial court sentenced Quigley on all five cases for a total term of incarceration of ten years.[1]

{¶ 3} Quigley appeals from this order of sentencing, raising the two assignments of error contained in the appendix to this opinion.

{¶ 4} In his first assignment of error, Quigley argues that his ten year prison sentence was not commensurate with the crimes he committed. We disagree.

{¶ 5} We review felony sentences using the framework announced in *State v. Kalish*, 120 Ohio St.2d 23, 2008-Ohio-4912, 896 N.E.2d 124. In its plurality opinion, the *Kalish* court declared that in applying *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." *Kalish* at ¶4.

{¶ 6} Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at 26, 896 N.E.2d 124. See,

---

[1]Quigley was sentenced to one year on case CR-536912, one year on case CR-536920, two years on case CR-539841, four years on case CR-542618 and two years on case CR-542638. The trial court ordered Quigley to serve each term consecutive to one another, for a total prison term of ten years.

also, R.C. 2953.08(G).   If this first prong is satisfied, then we review the trial court's decision under an abuse of discretion standard.   Id. at ¶4 and ¶19, 896 N.E.2d 124.

{¶ 7}   In the first step of our analysis, we review whether Quigley's sentence is contrary to law as required by R.C. 2953.08(G).   As the *Kalish* court noted, post- Foster "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive, or more than the minimum sentence."   Id. at 11, 845 N.E.2d 470, quoting *Foster* at paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.   The *Kalish* court held that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and R.C.2929.12 intact.   *Kalish* at 13.   Therefore, the trial court must still consider those statutes when imposing a sentence.   Id., citing *Mathis* at 38.

{¶ 8}   R.C. 2929.11(A) provides that:

"[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing [:] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 9}   R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 10}   R.C. 2929.11 and R.C. 2929.12 are not fact-finding statutes.   Instead, they

"serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Kalish* at 17. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 11} In the instant case, Quigley concedes that the sentences for all five of his cases fall within the statutory range. Further, Quigley does not argue that the court failed to consider R.C. 2929.11 and R.C. 2929.12, when imposing his sentence; nor does he argue how his ten-year sentence is disproportionate to the volume of criminal activity he committed. Instead, Quigley merely cites to this court's opinion of *State v. Geddes*, Cuyahoga App. No. 88186, 2007-Ohio-2626, a case that is factually distinguishable from the instant matter. Quigley's brief fails entirely to demonstrate how his sentence violated Ohio's sentencing statutes. Accordingly, we do not find Quigley's sentence contrary to law.

{¶ 12} We next consider whether the trial court abused its discretion. *Kalish,* supra at ¶4 and ¶19. An "abuse of discretion" is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 13} We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. A review of the record indicates that the trial court also expressly stated that it had considered all factors of the law and found that

prison was consistent with the purposes and principles of R.C. 2929.11.

{¶ 14} Accordingly, we overrule Quigley's first assignment of error.

{¶ 15} In his second assignment of error, Quigley argues his trial counsel rendered ineffective assistance. In particular, Quigley finds fault with his trial counsel's alleged concession that Quigley would receive a prison sentence. We find no merit to Quigley's argument.

{¶ 16} To prevail on a claim of ineffective assistance of counsel upon entry of a guilty plea, a defendant must meet the test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715; *State v. Cobb*, Cuyahoga App. No. 76950, 2001-Ohio-4132. The defendant must first show that counsel's performance was deficient. *Strickland*. The defendant must also show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." *Strickland*, quoting *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203.

{¶ 17} The defendant bears the burden of proving ineffectiveness of counsel. *State v. McNeill* (1998), 83 Ohio St.3d 438, 451, 700 N.E.2d 596; *Cobb*. The defendant cannot meet his burden by making bare allegations that find no support in the record. *State v. Leek* (July 29, 1999), Cuyahoga App. No. 74338, citing *State v. Stewart* (Nov. 19, 1998), Cuyahoga App. No. 73255; *Cobb*.

{¶ 18} Here, Quigley failed to satisfy either prong of the *Strickland* test as applied

to guilty pleas. According to Quigley, his trial counsel conceded that he would not receive community controlled sanctions for his crimes and that he failed entirely to mitigate the potential sentence. Quigley further alleged that his trial counsel called the court's attention to his lengthy prior record and failed in all respects to argue for a lesser sentence. Lastly, Quigley stated that his trial counsel failed to provide the court with letters of support written on his behalf.

{¶ 19} The record before this Court is utterly devoid of any indication that Quigley's trial counsel was deficient in any way. In fact, Quigley himself relayed to the court during its multiple Crim.R. 11 plea colloquies, that he was satisfied with his attorney's representation. Further, Quigley has failed to establish, through any evidence in the record, how his allegations outlined above, rise to the level of deficient performance.

{¶ 20} Additionally, we note that Quigley also failed to satisfy the second prong of the *Strickland* test. The record here does not establish a reasonable probability that, but for the action or inaction of trial counsel, the outcome of the plea proceeding would have been different. Considering the multiple count indictments on the five separate cases facing Quigley as presented, counsel's negotiations resulted in the issuance of a nolle prosequi of several charges and the reduction in the severity in two cases. The record before us does not show a reasonable probability of a different outcome in the absence of this representation. Accordingly, we overrule Quigley's second assignment

of error.

**{¶ 21}** The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
KENNETH A. ROCCO, J., CONCUR

Appendix

Assignments of Error:

"I. Mr. Quigley's sentence is manifestly disproportionate making it void as

contrary to law."

"II. Mr. Quigley's trial attorney provided ineffective assistance by conceding that Mr. Quigley would be sentenced to prison and then failing to attempt to mitigate adequately."