[Cite as *State v. Quigley*, 2012-Ohio-2751.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96299**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SEAN QUIGLEY

DEFENDANT-APPELLANT

---

**JUDGMENT:
APPLICATION FOR REOPENING
GRANTED IN PART (MOTION NO. 451401),
VACATED IN PART AND REMANDED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-536912, CR-536920, CR-539841, CR-542618,
and CR-542638

**BEFORE:** Kilbane, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASE DATE:** June 14, 2012

**APPELLANT**

Sean Quigley, pro se
Inmate No. 594-295
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio 43608-0033

**ATTORNEYS FOR APPELLEES**

William D. Mason
Cuyahoga County Prosecutor
Kristen Sobieski
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} On January 18, 2012, the applicant, Sean Quigley, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Quigley*, 8th Dist. No. 96299, 2011-Ohio-5500, in which this court affirmed Quigley's convictions and sentences for two counts of burglary, two counts of theft, and one count each of breaking and entering, attempted theft, carrying a concealed weapon, and having a weapon under disability that were spread over five cases. Quigley now argues that his appellate counsel was ineffective for not arguing scrupulous compliance with Crim.R. 11 and merger of allied offenses. On February 17, 2012, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application in part and grants it in part.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

## Crim.R. 11

{¶3} In *State v. Quigley*, Cuyahoga C.P. No. CR-539841, Quigley had agreed to a plea bargain under which he would plead guilty to one count of burglary and the state

would nolle the other two counts. A review of the plea hearing transcript indicates that Quigley and his attorney had discussed the plea bargain, his waiver of rights, and the ramifications of the plea. The transcript also shows that Quigley was familiar with court proceedings; he already had delinquency adjudications as a juvenile and convictions as an adult.

{¶4} The trial court judge fulfilled the requirements of Crim.R. 11. She asked whether Quigley understood that by pleading guilty he would be waiving his rights to a trial by a jury or a judge, to an attorney either retained or appointed if he could not afford one, to subpoena witnesses to appear and testify on his behalf, to cross-examine witnesses, to have the state prove his guilt beyond a reasonable doubt, and to remain silent and not testify if he chose. Each time when the trial judge asked if he understood the right he was waiving, he answered, "Yes, ma'am." The judge then explained the degree of the offense and the possible sentence he could receive, and she explained postrelease control sanctions. She also confirmed that Quigley had not been threatened or promised anything in exchange for his plea. (Tr. 1-15.) The judge then asked, "In Case Number 539841, in count 1 of the indictment, how do you plead to burglary?" Quigley replied, "Yes, ma'am." (Tr. 15-16.)

**{¶5}** Quigley relies on *State v. Buchanan*, 43 Ohio App.2d 93, 334 N.E.2d 503 (8th Dist.1974) and *State v. Howe,* 7th Dist. No. 77 CA 13, 1977 WL 199190, for the proposition that Crim.R. 11 must be scrupulously observed or else the guilty plea is void. He then argues that his reply, "Yes, ma'am" is not scrupulous compliance because it is not a plea of guilty as specified by Crim.R. 11(A).

**{¶6}** However, this court in *Buchanan* stated acceptance of a guilty plea should be based on substance and not form; it should be based on reality. In the present case, the reality was that Quigley knowingly, intelligently, and voluntarily entered into a plea bargain and was pleading guilty to burglary. To submit that his answer of "Yes, ma'am" was not a plea of guilty would be to elevate form over substance. Appellate counsel in the exercise of professional judgment properly refrained from making such an argument. *Id*. at 95.

**{¶7}** Quigley also argues that his appellate counsel should have argued ineffective assistance of trial counsel for not recognizing and trying to correct the "invalid plea" arising from Quigley's "Yes, ma'am." Because the basic premise is baseless, this argument is also ill-founded. Moreover, this court generally will not second-guess appellate counsel's strategy and tactics in deciding to argue issues directly rather than indirectly through the lens of ineffective assistance of trial counsel. *State v. Jones*, 8th Dist. No. 80737, 2003-Ohio-4397.

### Allied Offenses

**{¶8}** In *State v. Quigley,* Cuyahoga C.P. No. CR-542618, Quigley pleaded guilty

to both burglary and theft. The transcript indicates that he broke into his mother's home and then stole firearms that belonged to the mother's landlord. The trial judge sentenced Quigley to four years on the burglary charge and to two years on the theft charge to be served concurrently to each other. Quigley now argues that these two counts should have been merged as allied offenses.

{¶9} The court finds some merit in this argument. "When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29. The court also affirmed the principle that the imposition of sentences for allied offenses of similar import is plain error. In *State v. Corrao*, 8th Dist. No. 95167, 2011-Ohio-2517, this court applied *Underwood* and held that the trial court's failure to inquire into the allied offenses issue, even on a guilty plea, constitutes plain error necessitating a remand. In determining whether offenses are allied offenses, the statute and the common law require an examination of the defendant's conduct. If the offenses can be committed by the same conduct, then the court needs to determine whether the offenses were committed by the same conduct, i.e., a single act, committed with a single state of mind. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1601; *State v. Corrao*, 8th Dist. No. 95167, 2011-Ohio-2517, ¶ 8; and *State v. Baker*, 8th Dist. No. 97139, 2012-Ohio-1833.

{¶10} In the present case, the parties did not stipulate that the offenses were not allied offenses, and the trial court did not make the necessary inquiry. Furthermore, the record of Quigley's plea and sentence does not contain the necessary details as to the timing, circumstances, and animus of the burglary and theft from which a court can make the determination as to whether the offenses are or are not allied offenses of similar import. The failure to make the inquiry was plain error and requires a remand.

{¶11} Accordingly, the court denies the application to reopen in part as to the guilty plea in Case No. CR-539841 and grants the application in part as to the issue of allied offenses in Case No. CR-542618. The court reinstates this appeal to this court's active docket, vacates the sentence in Case No. CR-542618, and remands for a determination on the issue of allied offenses and resentencing.

It is, therefore, ordered that each party bear its own costs.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR