[Cite as *State v. Quigley*, 2013-Ohio-3238.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 99002

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SEAN QUIGLEY

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542618

**BEFORE:** Stewart, A.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

**ATTORNEYS FOR APPELLANT**

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, OH    44113

Dean Valore
Valore & Gordillo, L.L.P.
21055 Lorain Road
Fairview Park, OH    44126


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. In 2010, defendant-appellant Sean Quigley pleaded guilty in five different cases to charges of breaking and entering, theft, attempted theft, burglary, carrying a concealed weapon, and having a weapon while under disability. The court ordered the sentences in each case to be served consecutively, resulting in a total sentence of ten years. We affirmed those convictions on direct appeal, *see State v. Quigley*, 8th Dist. No. 96299, 2011-Ohio-5500, but later granted an App.R. 26(B) motion to reopen the appeal and held that Quigley had been denied the effective assistance of counsel because his appellate lawyer failed to raise an issue of allied offenses in CR-542618 relating to counts of burglary and theft. *See State v. Quigley*, 8th Dist. No. 96299, 2012-Ohio-2751, *reopening allowed*, Motion No. 451401 (June 14, 2012). On remand, the court found that offenses in CR-542618 were allied offenses of similar import, and the state elected to have Quigley sentenced only on the burglary count. The court then conducted a de novo resentencing in CR-542618, imposed a two-year sentence in that case and ordered that sentence to be served concurrently with Quigley's sentences in the other four cases, thus resulting in a total prison term of six years. In this appeal, Quigley complains that the court failed to consider the relevant sentencing guidelines when imposing sentence and failed to merge the sentences in all five cases.

**{¶2}** We reject at the outset any argument that involves a sentence other than that imposed in CR-542618. In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, the Supreme Court held that in a remand based only on an allied offenses sentencing error, "only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *Id*. at ¶ 15, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006- Ohio-1245, 846 N.E.2d 824, at paragraph three of the syllabus. The court's duty to resentence was thus limited to conducting a de novo resentencing in CR-542618. Our review is likewise limited solely to errors occurring in that resentencing.

**{¶3}** With that limitation, we find the court fully complied with all sentencing requirements. As noted by Quigley, his resentencing occurred after the effective date of H.B. 86 and its various amendments to the sentencing statutes, so the court was required to comply with the revised sentencing statutes. *State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, ¶ 18; *State v. Huber*, 8th Dist. No. 98206, 2012-Ohio-6139, ¶ 25. The record shows that the court did consider the relevant guidelines before imposing sentence. *See* Tr. 14. In doing so, the court pointedly considered Quigley's present circumstances, saying, for example, that "[s]o while I don't necessarily agree with the sentence that was given you by a prior judge [a new judge handled the resentencing], I'm willing to look a little deeper and give you some benefit of the doubt with regard to this case." Indeed, the court's willingness to consider Quigley's present circumstances

explains why it halved the length of the sentence originally imposed in CR-542618 and ordered that it be served concurrent to the sentences imposed in the other four cases. This resulted in a significant reduction of Quigley's total prison time — from ten years to six years. Quigley's argument that the court ignored his present circumstances is so flatly contradicted by the record that it borders on intentional misrepresentation.

{¶4} Quigley's remaining argument is that the court should have merged all the sentences imposed in all five cases because it thought they were part of an "ongoing course of criminal activity." Not only is this argument beyond the scope of the limited resentencing allowed under *Wilson*, it is a mischaracterization of the court's remarks. The court did not imply that the charges in all five cases were part of a single course of criminal conduct, but rather that they were part of what even defense counsel agreed was a one-man "crime spree."

{¶5} In this same vein, we reject the argument offered in Quigley's supplemental brief that the court erred by refusing to merge the counts in CR-542618 with those in CR-542638. Quigley claims that the court itself stated that "I would suggest that in all honesty, had they been together those cases would have merged as well * * *." This is a misrepresentation of the record — the quoted text was from a statement made by defense counsel at sentencing, not the trial judge. Appellate counsel conceded as much at oral argument. At no point did the trial judge state or suggest that he believed the counts in CR-542618 should have merged with those in CR-542638.

{¶6} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR